McLaren v. McVicar.

---

CHARLES McLAREN AND JAMES M. RAYNOR v. DONALD McVICAR.

1. Section sixty-eight of act constituting courts for the trial of small causes, (*Rev., p.* 552,) enacting that if the constable to whom any execution is delivered shall not perform the duties prescribed by the act, he shall be liable, in an action of debt, to pay the debt or damages, with double costs, applies to the requirement to return the execution within thirty days.

2. The action is penal, and must be brought within two years next after the cause of action accrued. *Rev., p.* 597, § 21.

On *certiorari* to the Court of Common Pleas of Union county.

Argued at February Term, 1879, before Justices DALRIMPLE, DEPUE and SCUDDER.

For the prosecutors, *G. Berry.*

For the defendant, *G. R. Lindsay.*

The opinion of the court was delivered by

SCUDDER, J. The state of demand charges that the defendant, being a constable of the county of Union, an execution

was put in his hands to be executed according to law; that the defendants therein had sufficient goods and chattels whereof the said officer might have levied and made the debt and costs; that he neglected to levy on and sell the same to make said debt and costs; and did not return said execution in thirty days, pursuant to the statute.

The justice of the peace, before whom the action was tried, gave judgment for the defendant, and the Court of Common Pleas, on appeal, affirmed this judgment.

The facts proven show that the constable made a levy on the goods of the defendants in execution, but was hindered from selling by two prior executions in the hands of the sheriff, which were levied on the same property. Soon after the levy was made, he informed one of the plaintiffs of the levy and prior liens of the sheriff.

The defendant's property was estimated to be worth about $1000, and the executions in the sheriff's hands amounted to $700. $400 were afterwards paid to the sheriff on account of these executions, but before he sold the goods, or collected the balance due on them, the property levied on was destroyed by fire.

On March 7th, 1877, nearly two years after the execution had been delivered to the defendant, he made return "no property found."

This return does not show the levy which he says he made, but makes a false return of no goods, when the facts show that, at the time the execution was delivered, and up to the expiration of the time allowed for the return, there were sufficient goods of the defendants to make the money, after satisfying the prior liens of the sheriff, under execution.

The excuse given by the constable is that no sale could be made, by reason of the sheriff's prior executions, but this did not justify him in neglecting to make a legal levy and return according to the facts. The ground of complaint is that the officer failed to make a proper levy and return in thirty days from the time he received the execution, and this is fully established by the evidence.

Our statute is very explicit, that within thirty days from the time the constable shall receive the execution, he shall make return to the justice who issued the same of the proceedings had thereon. *Rev., p.* 550, § 58. That this requirement is mandatory, and not merely directory, appears in the early construction put upon it, that has always been followed in the practice of the courts for the trial of small causes. Thus, in *Griffith's Treatise* 169–170, after quoting the sections of the acts relating to the duties of constables under executions, including the one above cited, as to the return in thirty days, the author says that " the provisions of the act are very peremptory in every sentence, and ought to be faithfully and literally pursued by the constable," &c.

So, in *Pennington's Treatise* 55–57, it is said the direction in this section (fifty-eighth) is plain, and further, " When the constable receives an execution, his duty is faithfully and diligently to obey the command of it."

The purpose of this statute was to give a summary, expeditious and cheap remedy for the recovery of small claims, and it should not be in the power of the ministerial officer of these courts to defeat the very object of their creation by ignorance or carelessness in the execution of their processes. The legislature have not left us in doubt as to their intent to punish such delinquency, for they have made the omissions of duty by these officers penal in their character. Section sixty-eight (*Rev., p.* 552,) enacts that if the constable to whom any execution is delivered shall not perform the duties, or any of them, prescribed by this act, respecting such execution, such constable shall be liable to pay to the person in whose favor the said execution is issued, the debt or damages and costs, or any of them, mentioned therein, to be recovered by action of debt, with double costs, by the person so as aforesaid injured thereby.

That this section applies to the duty of returning the execution within thirty days, as well as to other dutes prescribed by the act respecting such executions, was decided in *Sandford* v. *Colfax*, 1 *South.* 120, by a majority of the court. In the dis-

McLaren v. McVicar.

senting opinion, it was shown that the section requiring a return to be made in thirty days was enacted subsequent to the act imposing the penalty, and hence it was argued that the remedy was by an action on the case, and not by debt under the statute. This order of enactment appears in *Bloomfield's Laws* 59, 72, and in *Paterson's Rev.* 318, 368. But in the revision of 1820, section twenty-five prescribes the duty of returning the execution in thirty days, and section thirty-two imposes the penalty. In that order they have been continued in the subsequent revisions of our statutes.

For neglect of duty in executing attachments, it has been held that an action on the case is the proper remedy; but in proceedings under executions within the small cause act, the remedy for any breach of duty prescribed by the act is by action of debt, according to the terms of the statute.

There can, however, be no recovery in this case by the plaintiff, because he has failed to bring his action within the time limited by law.

Section twenty-one of the act for the limitation of actions prescribes that all acts or informations which shall be brought or exhibited for any forfeiture or cause upon any statute, made or to be made, the benefit and suit whereof is, or shall be, limited or given to the party aggrieved, shall be brought or exhibited within the space of two years next after the offence committed, or to be committed, or cause of action accrued, and not after.

Section sixty-eight of the small cause act is penal in its punishment, and forfeiture in enforcing the payment of the debt or damages and costs, to be recovered, with double costs. This recovery with double costs, without regard to the actual damages that may be sustained, or the ability to make the sum named in the execution, is in the nature of a forfeiture or penalty.

No such recovery can be had after two years next after the cause of action accrued.

The writ of execution in this cause was issued June 14th, 1875. It was returnable in thirty days. From that time

the statute began to run. The action was not brought for the delinquency of the officer in making return until June 1st, 1878. At that time the action was barred by the statute.

For this cause the judgment for the defendant below, in the Court of Common Pleas, will be affirmed.